UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| C.R. PITTMAN CONSTRUCTION COMPANY, INC. ET AL. | CIVIL ACTION |
| VERSUS | NO. 07-4534 |
| TRANSCONTINENTAL INSURANCE COMPANY | SECTION "H" (2) |

# ORDER ON MOTION

APPEARANCES: None (on the briefs)

MOTION: Defendant's Motion for Leave to Supplement Answer, Record Doc. No. 76

O R D E R E D:

XXX : GRANTED. The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co., 195 F.3d 765, 770 (5th Cir. 1999); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597-98 (5th Cir. 1981)). Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but such leave "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id. Futility in this context means "that the amended complaint would fail to state a claim upon which relief could be granted. . . . [Thus,] to determine futility, we will apply the same standard of legal sufficiency as applies under Rule 12(b)(6)." Stripling, 234 F.3d at 873 (quotations and citations omitted); accord Fenghui Fan v. Brewer, 377 F. App'x 366, 367 (5th Cir. 2010).

Weighing these factors in the instant case militates heavily in favor of permitting the amendment. The request for leave has been timely submitted prior to the deadline set by the court for motions to amend, Record Doc. No. 75 at pp. 1-2. Thus, no undue delay or dilatory motive exists. There has been no repeated previous failure to cure pleading deficiencies by defendant. No bad faith is apparent on the current record. The judicial estoppel defense has been raised previously and known to all parties through parallel proceedings between these parties involving similar issues. The issue has been specifically preserved by the appellate court for determination in this court. Plaintiff's argument that the amendment is somehow sanctionable and in bad faith is wholly unpersuasive. The "wind versus flood" issue at the heart of this argument by plaintiffs is the result of their own permissible alternative pleading. Fed. R. Civ. P. 8(d). It cannot be concluded that the amendment is based on a "completely false" allegation by defendant, as plaintiff argues. Record Doc. No. 78 at p.1. Defendant's amendment asserts a purely legal defense, which attempts to meet plaintiff's past permissible alternative pleading concerning a factual dispute which has not been resolved in the cases between these parties. There is ample time before the trial date more than five (5) months away for plaintiff to address the amended pleading in discovery and trial preparation, so that undue prejudice will not occur. The amendment has not been rendered futile by any prior action by any party or court decision. The ultimate merits of the added defense can in no way be addressed at this pleading juncture of these proceedings. Applying the liberal Rule 15 standard, the motion must be granted.

New Orleans, Louisiana, this 28th day of March, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE