UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| C.R. PITTMAN CONSTRUCTION CO., INC. ET AL. | CIVIL ACTION |
| VERSUS | NO. 07-4534 |
| TRANSCONTINENTAL INS. CO. | SECTION "H" (2) |

## ORDER ON MOTIONS

Plaintiffs have requested oral argument, pursuant to Local Rule 78.1, Record Doc. No. 80, on plaintiffs' Motion for Sanctions. Record Doc. No. 79. For the same reasons set out in my separately issued order granting leave to file the supplemental answer which plaintiffs argue violates Rule 11, I hereby DENY[1] the motion for sanctions, finding no Rule 11 violation. Oral argument and further briefing are unnecessary, so I also DENY plaintiffs' request for oral argument.

New Orleans, Louisiana, this   28th   day of March, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] I note for the record that my research has located no United States Supreme Court or Fifth Circuit precedent directly addressing the issue of whether a magistrate judge has authority to decide a motion for Rule 11 sanctions. Other circuits addressing the issue have split. See Kiobel v. Millson, 592 F.3d 78 (2nd Cir. 2010) (various circuit decisions cited in the concurring opinions). My own view is that since plaintiffs' motion in this instance does not request any case or even issue dispositive sanction, but instead seeks only monetary penalties in the amount of $500.00, this is an exclusively non-dispositive pretrial motion which I have authority to address pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). If plaintiffs disagree, they are free to file an appropriate motion and notice it for submission before the district judge.