**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**C.R. PITTMAN CONSTRUCTION CO., INC., ET AL.**          **CIVIL ACTION**
                                                          **NO. 07-4534**


**VERSUS**                                                **SECTION "H"**
                                                          **MAGISTRATE "2"**


**TRANSCONTINENTAL INSURANCE COMPANY**                    **JUDGE MILAZZO**



<u>**ORDER & REASONS**</u>

Before the Court is Plaintiffs' Motion for Appeal and/or Continuance of Trial. (Doc. 115.) Plaintiffs appeal the Magistrate Judge's ruling dated May 23, 2012 denying Plaintiffs' Motion to Supplement and Amend Complaint. (Doc. 110.)

For the following reasons, **IT IS ORDERED** that Plaintiffs Motion to Continue Trial is **GRANTED**.

**BACKGROUND**

This action involves a Hurricane Katrina insurance dispute. Plaintiffs Pittman Construction Co., Inc. ("PCC") and C.R. Pittman ("Pittman") owned a construction business. At the time of the

storm, Plaintiffs had an insurance policy with Transcontinental Insurance Company covering the building that housed PCC as well as the contents and equipment used by PCC. The insurance policy included a flood exclusion containing an anti-concurrent causation clause. Plaintiffs claim that Defendant breached the insurance contract by failing to reimburse Plaintiffs for damages caused to the covered equipment by Hurricane Katrina. The parties dispute whether the damage was caused by Katrina-related rain and wind, or by flooding, the latter being excluded from coverage.

Plaintiffs originally filed the Complaint in this action against Transcontinental Insurance Company on August 27, 2007, seeking to recover the cost of its destroyed property. (Doc. 1.) On November 18, 2008, National Fire Insurance Company of Hartford was substituted as Defendant as successor by merger with Transcontinental. Defendant filed its answer on January 1, 2009. (Doc. 18.)

The case was ordered closed administratively on July 20, 2009. (Doc. 22.) It was reopened on February 4, 2010. (Doc. 25.) Both parties later moved for summary judgment, Plaintiffs on June 4, 2010 and Defendant on June 8, 2010. On June 23, 2010, Judge Feldman issued an Order denying Plaintiffs' Motion for Summary Judgment, and granting Defendant's Motion to Strike and Motion for Summary Judgment. (Doc. 52). Judgment was then entered in favor of Defendant, dismissing Plaintiffs' suit on June 24, 2010. (Doc. 53.) The district court found that Pittman's affidavits were insufficient to create a fact issue because they were "self-serving." (Doc. 52.) The court found that the Blackwell affidavit demonstrated that flooding caused or contributed to the damage, and

therefore, triggered the policy's anti-concurrent causation clause. (*Id.*)

Plaintiffs appealed this decision to the United States Fifth Circuit Court of Appeals on September 20, 2010. (Doc. 66.) On October 24, 2011, the Fifth Circuit ordered that the judgment of the District Court was affirmed in part and reversed in part, and the cause remanded for further proceedings. This judgment was issued as mandate on November 15, 2011. (Doc. 72). The court found that the District Court erred in ruling that the Pittman affidavits did not create a fact issue because a party's own affidavit is competent to support or defeat summary judgment. (Doc. 72-1.) The Fifth Circuit declared that the affidavits created a fact issue as to the sole cause of damage to some of the equipment, thereby rendering summary judgment in favor of the Defendant improper. (*Id.*) The court affirmed the District Court's granting of summary judgment in favor of Defendant as to the small tools and equipment coverage and debris removal coverage. (*Id.*)

After being remanded, a scheduling conference took place with this Court on February 7, 2012. The Scheduling Order set the scheduling deadline for amendments to pleadings on March 8, 2012. (Doc. 75.) Depositions and all discovery must be completed no later than 28 days prior to the pretrial conference, which is set for July 26, 2012. (*Id.*) The jury trial is set for August 13, 2012. (*Id.*)

On May 4, 2012, Plaintiffs filed a Motion for Leave to Supplement and Amend Complaint to seek penalties and attorney's fees pursuant to La. R.S. § 22:1220 and § 22:658 after deposing

two representatives of Defendant, Stephen Hancock ("Hancock") and Robert Stupica ("Stupica").[1] The deposition testimonies of Hancock and Stupica  provided support for Plaintiffs' claim that the insurance company acted in bad faith. (Doc. 93). Defendant filed a response on May 15, 2012, (Doc. 100), and Plaintiff filed a reply on May 22, 2012 (Doc. 107). On May 23, 2012, the Magistrate denied Plaintiffs' Motion for Leave to Supplement and Amend Complaint ("May 23rd Order"). (Doc. 110.)

Plaintiffs filed a Motion for Appeal and/or Continuance of Trial on May 25, 2012. (Doc. 115.) Defendant responded on June 12, 2012. (Doc. 128.) The Motion is set for submission on June 20, 2012. Oral argument is scheduled for July 18, 2012.

## DISCUSSION

At the time the Motion to Supplement and Amend Complaint was filed by Plaintiffs, the Scheduling Order deadline for amendments to pleadings had expired. The Magistrate denied Plaintiffs' Motion on May 23, 2012 finding that Plaintiffs had not established "good cause" as required under Rule 16.  (Doc. 110.)  The Magistrate further stated, however, that "[i]f the presiding district judge were to grant a motion to continue the trial and associated deadlines, so that the more liberal Rule 15 standard were to be applied, the motion may well be granted. Thus, although the motion is denied, denial is without prejudice to reurging the motion to amend, if a

---

[1]The Clerk of Court's office marked this Motion as deficient. On May 7, 2012, Plaintiffs re-filed the appropriate Motion. (Doc. 94.)

continuance is granted." (*Id.* at p. 3.)

A review of the procedural history of this case and Plaintiffs' expeditious attempt to amend their Complaint lend in favor of granting Leave to Amend the Complaint.  On the other hand, granting leave at such a late time would potentially greatly prejudice the Defendant in its trial preparation, discovery and/or motion practice.  Balancing both parties interests, this Court finds that the a continuance of the trial is the appropriate resolution.  Accordingly, Plaintiffs Motion for Continuance of Trial is granted.

**CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs Motion to Continue Trial is **GRANTED**.  Accordingly, the Court will contact both parties to ascertain a new trial date, pre-trial conference date and all pre-trial deadlines.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. 121), Defendant's Motion *in Limine* regarding Donald Ellis, Jr. (Doc. 122), and Plaintiffs' Motion *in Limine* to Exclude the Defense of Judicial Estoppel (Doc. 141) are **DENIED WITHOUT PREJUDICE**.  The parties have the right to re-urge the Motions in accordance with the Court's new Scheduling Order.

**IT IS FURTHER ORDERED** that oral argument scheduled for July 18, 2012 at 10:00 a.m. is **CANCELLED**.

New Orleans, Louisiana, this 5th day of July, 2012.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT COURT JUDGE**